NICHOLSON, Admrx., etc., Plaintiff-Appellant, v. MALONE, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25122.   Decided June 10, 1960.

John G. Pegg, John H. Bustamente, for plaintiff-appellant.
Ralph S. Locher, Director of Law, for defendant-appellee.

**OPINION**

Per CURIAM:

This is an action for wrongful death originating in the Court of Common Pleas of Cuyahoga County, brought on behalf of the mother and daughter of William Nicholson, deceased, by Inez Nicholson, the mother of the deceased and the administratrix of his estate. The defendant, John R. Malone, is a police officer for the City of Cleveland. The action is here appealed on questions of law from a judgment entered upon a unanimous verdict rendered by the jury in favor of the defendant.

There is credible evidence in the record showing that the defendant, a police officer for the City of Cleveland, while off duty, was informed of a disturbance within the Kinsman Grill, a drinking establishment located within the City of Cleveland.

The evidence of the defendant shows that upon entering the establishment, he was summoned by the owner to help escort the decedent

outside. The defendant, noticing that the decedent was intoxicated, identified himself as a police officer and asked him to leave, whereupon the defendant was violently struck by the decedent and knocked to the ground. A terrific struggle ensued. Finally, with the help of spectators, the decedent was subdued. The police arrived and he was taken to the police station. Shortly thereafter, it was noticed that the decedent was ill. Thereafter, he died while being transferred to a hospital.

There is also credible evidence in the record to the effect that the decedent was in a state of extreme intoxication; that the decedent was the aggressor in the struggle; that no weapon was used by the defendant and that only reasonable force was used in subduing the decedent. Plaintiff produced two witnesses who testified that the defendant had viciously beat decedent with the butt of his revolver. However, the coroner testified there was no medical evidence which confirmed this testimony.

The plaintiff lists thirty-seven separate assignments of error. Eighteen concern the admissibility of evidence, twelve pertain to special charges, either refused or given before argument, two deal with the court's general charge, two allege error in the court's rulings concerning cross-examination of witnesses, one questions the court's ruling on a subpoena duces tecum, one declares that the judgment and verdict of the jury is not sustained by sufficient evidence, and finally, one alleges that the judgment and verdict of the jury is contrary to law.

In our opinion, it would serve no useful purpose to review these assignments of error in detail. Suffice it to say that we have reviewed the bill of exceptions, consisting of some 436 pages, plus many exhibits, and have examined the questions of law with respect to plaintiff's claims of error, and have reached the conclusion that there was no error prejudicial to the rights of the plaintiff in the trial of this cause. It was within the exclusive province of the jury to decide the questions of fact and to determine which witnesses to believe and which witnesses not to believe, to note the candor or lack of candor on the part of the witnesses, and to observe their demeanor on the witness stand and to arrive at their conclusions upon the evidence presented under proper instructions of the court.

The jury, having rendered a unanimous verdict in favor of the defendant, and finding no error prejudicial to the rights of the plaintiff, we certify that in our opinion, substantial justice has been done the party complaining under the provisions of §2309.59 R. C.

Judgment affirmed. Exceptions noted.

HURD, PJ, KOVACHY and SKEEL, JJ, concur.